IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD RAY BROWN, #403179 | * | |
| v. | * | Civil No. CCB-13-481 |
| MARYLAND PAROLE COMMISSION | * | |
| | *** | |

**<u>MEMORANDUM</u>**

On February 14, 2013, Donald Ray Brown ("Brown"), a 64 year-old state inmate confined at the Maryland Correctional Training Center ("MCTC"), filed the above-captioned handwritten complaint, complaining that he has been denied parole which, because of his physical health and cursory medical care, has in effect changed his five-year term to a "death" sentence. ECF No. 1. He asks the court to release him from state custody.[1]

The case represents the seventh civil rights action Brown has filed within the past seven months. *See Brown v. Johnson*, Civil No. CCB-12-2055 (D. Md.); *Brown v. Obsu, et al.*, Civil No. CCB-12-3225 (D. Md.); *Brown v. Dep't of Corrections*, Civil No. CCB-12-3239 (D. Md.); *Brown v. Carlo*, Civil No. CCB-12-3574 (D. Md.); *Brown v. Sowers*, Civil No. CCB-12-3635 (D. Md.); and *Brown v. Morgan*, Civil No. CCB-13-461 (D. Md.). The second, third, fourth, and fifth case referenced herein are pending before the court. Those cases involve a number of issues resulting from Brown's confinement (denial of medical care, segregation assignment, unconstitutional conditions of confinement, the failure to process grievances and sick call slips, pill-call procedures, and the use of restraints) and involve multiple defendants and numerous supplemental pleadings filed by Brown.

---

[1] Brown filed neither the civil filing fee nor an indigency application. He claims that his "in forma pauperis is already on file…" ECF No. 1, at 3. Brown is not excused from filing an indigency motion. In light of the findings of the court, however, he shall not be required to cure this deficiency.

On February 15, 2013, the court issued an Order which found that Brown had abused the court process and that his cases should be subject to a particular administrative review. *See Brown v. Morgan*, CCB-13-461 (D. Md.). That case was examined and administratively closed. Further, the Order provided that each future complaint filed by Brown was to be initially reviewed to see whether it required immediate attention. If immediate attention was required, the court would order the Clerk to place the case on the court's active docket. Otherwise, the case would be administratively closed and reopened when Brown's active case listings were reduced to zero.

This case shall remain on the active docket, but shall be dismissed for all purposes. While the undersigned appreciates Brown's concern with his medical treatment and denial of parole release, he must understand that this is a court of limited jurisdiction. It may only review civil rights cases which set out constitutional claims.

Under Maryland law, there is no right to be considered for parole. By statute, the Maryland Parole Commission is required to ask the Division of Correction to "make an investigation for inmates confined in a State correctional facility that will enable the Commission to determine the advisability of granting parole to an inmate who: (i) has been sentenced under the laws of the State to serve a term of 6 months or more in a correctional facility; and (ii) has served in confinement one-fourth of the inmate's aggregate sentence." *See* Md. Code Ann., Corr. Servs. § 7–301(a) (West 2011). Further, the regulations governing the Parole Commission do not require the Commission to hold a parole hearing, and permit the Commission to decline to hold a hearing if the hearing would serve no useful purpose. *See* Md. Code Regs. 12.08.01.17.A(1)(c) (2012). As such, Maryland's parole statutes and regulations do not create a legitimate expectation of parole release. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988); *McLaughlin-Cox v. Md. Parole Comm'n*, 200 Md.

App. 115, 24 A.3d 235, 240 (Md. App. 2011) (Maryland statutes governing parole consideration do not create a liberty interest protected by the Fifth and Fourteen Amendments).  In Maryland, a liberty interest in parole is only created after the inmate is served with and signs the Order for Release on Parole. *See Patuxent Inst. Bd. of Review v. Hancock*, 329 Md. 556, 620 A.2d 917, 931 (Md. 1993) ("A recommendation of parole did not automatically become an order of parole. Therefore, that action did not give the respondent a liberty interest.") The Parole Commission's initial parole Recommendation/Decision to approve an inmate for parole (as opposed to an Order for Release on parole) does not give rise to a protected liberty interest. In the absence of a liberty interest the principles of due process do not apply. *See Henderson v. Simms*, 223 F.3d 267, 274-75 (4th Cir. 2000).

Brown has no liberty interest in attaining a certain security classification, pre-release status, or parole release.  *See Sandin v. Conner*, 515 U.S. 472 (1995); *Paoli v. Lally*, 812 F.2d 1489, 1492-93 (4th Cir. 1987).  Because the decision whether to grant parole is a discretionary one, "a prisoner cannot claim entitlement and therefore a liberty interest in the parole release." *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991) (en banc); *see also Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996). This is true even if state officials consistently have exercised their discretion to grant release in the past: "A constitutional entitlement cannot be created . . . merely because a wholly and *expressly* discretionary state privilege has been granted generously in the past." *Hill v. Jackson*, 64 F.3d 163, 170 (4th Cir. 1995) (quoting *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981)) (internal quotation marks omitted).

Brown's claims concerning his treatment for his myriad medical conditions have been placed before the court and are being examined in his other cases.  Indeed, the attachments to this complaint illustrate that he recently received medical health care at Baltimore-area hospitals.  ECF No. 1,

attachs.  He has no constitutional interest in receiving parole release and his complaint must be dismissed without requiring service of process on the defendant.


| February 25, 2013 | /s/ |
|---|---|
| Date | Catherine C. Blake |
|  | United States District Judge |